### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:10CR18** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MIGUEL DELGADO-HERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Modified Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 21). The government adopted the PSR (Filing No. 20). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant, Miguel Delgado-Hernandez, objects to the criminal history points assessed for the prior convictions listed in ¶¶ 21, 22, 23, 24, 25 and 27. Delgado argues that the use of July 29, 2001 (contact with Lincoln, NE police) or October 1, 2002 (the date Defendant reported to ICE as his reentry date)[1] as the triggering date for relevant conduct is improper. Rather, Delgado argues that the triggering date for relevant conduct purposes is January 7, 2010, the date in the Indictment. Delgado's objective is to eliminate some of the assessed criminal history points. The PSR reports that the Defendant is in Criminal History Category VI based on 17 criminal history points. The Defendant argues that he

---

[1] Delgado acknowledges, however, that the use of the 2002 date would still require placement in Criminal History Category VI, "barely."

should have 8 criminal history points yielding placement in Criminal History Category IV. The Defendant's argument is not supported by case law.

The Eighth Circuit has stated that "illegal reentry is an ongoing offense beginning on the date of reentry" and ending when the individual is found in the United States. *United States v. Sanchez-Briones,* 133 Fed. Appx. 354, at *1 (8th Cir. 2005). Applying this principle to this case, it appears that Delgado's date of reentry with respect to the instant offense was determined correctly in the PSR. The objection is denied.

The Defendant's request for a downward departure will be heard at sentencing.

IT IS ORDERED:

1. The Court's Tentative Findings are that the Defendant's objections to the PSR are denied;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

5. The Defendant's request for a downward departure will be heard at sentencing.

DATED this 17th of May, 2010.

                                          BY THE COURT:

                                          S/ Laurie Smith Camp
                                          United States District Judge