IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR2 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| ALBERTO SANCHEZ-GARCIA, | ) ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 28). The government adopted the PSR (Filing No. 25). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant, Alberto Sanchez-Garcia, objects to the following paragraphs of the PSR: ¶ 27 (use of prior conviction in ¶ 55 as a drug trafficking offense); 32 (use of prior conviction in ¶ 55 as a controlled substance offense); and 33 (enhancement for an altered or obliterated serial number).

### ¶ 27 - Prior Drug Trafficking Offense

Sanchez objects to the use of the prior conviction set out in ¶ 55 as a drug trafficking offense for purposes of the 16-level enhancement in .S.S.G. § 2L1.2(b)(1)(A)(i). The offense listed in ¶ 55 is described as "Possession of a Controlled Substance *for Sale* (Felony)." (PSR, ¶ 55 (emphasis added).) For purposes of § 2L1.2, a "drug trafficking offense" is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a

counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 application note 1(B)(iv).

Citing to numerous cases including those from other circuits, Sanchez argues that because one may violate California Health and Safety Code § 11378, the statute of his prior conviction, without possessing a "controlled substance," the statute is "overbroad" and under the analysis required in the Eighth Circuit the enhancement for a drug trafficking offense may not stand.

The Court views the Eighth Circuit's analysis as follows. The Eighth Circuit has stated that a statute encompassing conduct not qualifying one for the § 2L1.2(b)(1)(A)(i) enhancement as well as conduct that would qualify one for the enhancement is "overinclusive." In this situation, a district court may appropriately consider the judicial record associated with the prior offense to determine whether the plea was based on conduct that would qualify one for the enhancement. *United States v. Garcia-Medina,* 497 F.3d 875, 877 (8th Cir. 2007). The PSR states that Sanchez was convicted of "Possession of a Controlled Substance for Sale" and also that the court record stated that he was "selling methamphetamine." (PSR, ¶ 55.)

Nevertheless, the objection requires that the government meet its burden of proof of proving the fact of the conviction and the facts supporting the enhancement. However, the burden of proving that the probation officer's interpretation of the guidelines is inaccurate lies with Sanchez.

*¶ 32 - ¶ 55 as a Controlled Substance Offense*

Sanchez challenges the use of the prior conviction listed in ¶ 55 as a basis for the use of base offense level 20 in ¶ 32 of the PSR under U.S.S.G. 2K2.1 (a)(4)(A). For purposes of § 2K2.1, a "controlled substance offense" is defined in U.S.S.G. §§ 2K2.1 note 1 & 4B1.2(b). The analysis is similar to the analysis used with respect to the objection to ¶ 27. *United States v. Spudich,* 510 F.3d 834, 835 (8th Cir. 2008). The burdens of proof are the same.

However, even assuming for the sake of argument that Sanchez would be successful with his argument, as stated in the Addendum to the PSR the base offense level of 20 under § 2K2.1(a)(4)(A) could also be based on his prior conviction of a crime of violence, i.e. the infliction of corporal injury on his spouse as stated in ¶ 55. Sanchez has not addressed this argument. The objection is denied as moot.

*¶ 33 - Serial Number*

Sanchez objects to the description of the serial number as altered or obliterated. It does not appear that this objection was raised before the Probation Officer. (Filing No. 17, ¶ 4; PSR, Addendum.) In the Court's discretion, therefore, the objection will not be addressed and is denied. (Filing No. 17, ¶ 6.)

IT IS ORDERED:

1. The Court's Tentative Findings are that the Defendant's objections to ¶¶ 32 and 33 are denied;

2. The Defendant's objection to ¶ 27 will be heard at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

3

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of May, 2010.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge